## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| Seretse Young, individually, and on behalf of all others similarly situated, | Court File No.: 2:18-cv-02615-JAR-GEB |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNSEL'S MOTION FOR EXTENSION OF TIME** |
| Law Office of Amber M. Brehm and John Does 1-25, | |
| Defendants. | |

### INTRODUCTION

Plaintiff's counsel, Keith Williston, seeks an extension to file his reply to Defendant Law Office of Amber M. Brehm ("Brehm") memorandum responding to Attorney Williston's earlier motion to withdraw as counsel. [*See* Doc. No. 12.] Brehm asks the Court to deny the motion for the reasons discussed below (and which the undersigned outlined to Attorney Williston in a back and forth email exchange, before Attorney Williston filed the instant motion).[1]

### RELEVANT BACKGROUND

Attorney Williston seeks this Court's permission to allow himself to withdraw from this matter, without substitute counsel. [Doc. No. 12.] On February 6, 2019, Brehm responded to the motion to withdraw by requesting the Court retain jurisdiction over Attorney Williston, in the event he is eventually permitted to withdraw as Plaintiff's counsel (Brehm does not oppose that

---

[1] The undersigned's correspondence with attorney Williston concerning his request for an extension is attached to the Declaration of Michael A. Klutho, filed contemporaneously with this response.

aspect of his motion) so that Brehm will have a mechanism for continued discovery into Attorney Williston's ill-advised conduct in this matter and thereafter seek appropriate sanctions against Attorney Williston. [Doc. No. 13.] Brehm's response to Attorney Williston's motion to withdraw was necessary to provide the Court with a complete record and context for consideration of Attorney Williston's motion (and to support Brehm's request that this Court retain jurisdiction over Attorney Williston).

Pursuant to D. Kan. Rule 6.1(d)(1), Attorney Williston's reply is due on or before February 19, 2019. Now before this Court is the latest curious development in this matter – namely, a motion brought by Attorney Williston seeking an extension to file his reply with a claim that he needs to "research Defendant's allegations and to draft an appropriate reply thereto." [Doc. No. 17, ¶7.]

## **LEGAL STANDARD**

To be sure, Rule 6(c) allows a district court to extend time upon motion for good cause. Fed. R. Civ. P. 6(c)(1). Motions for extension of time filed in this District are further governed by D. Kan. Rule 6.1(a), which provides, in pertinent part:

> All motions for an extension of time to perform an act required or allowed to perform an act required or allowed to be done within a specified time must show:
>
> (1) whether there has been prior consultation with other parties and the views of other parties;
>
> (2) the date when the act was first due;
>
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
>
> (4) the cause for the requested extension. Parties must file the motion before the specified time expires. **Absent a showing of excusable neglect, the court will not grant** extensions **requested after the specified time expires.**

*Id.*

Attorney Williston fails to show "good cause" for extending the reply deadline.

## **ARGUMENT**

Attorney Williston did request an extension from the undersigned prior to filing his motion. The undersigned declined to agree to the extension because (1) a prior request for an extension by Attorney Williston to reply to another motion in this same matter was based on a misrepresentation Attorney Williston made to the undersigned (see below), (2) this case mirrors a related case Attorney Williston also instituted naming Plaintiff's spouse as a "class representative" and styled as a "class action" – a case in which Plaintiff's spouse has now testified that she never authorized a "class action" be brought on her behalf – and another case where Attorney Williston also seeks to withdraw based on Plaintiff's spouse's deposition in her case, and (3) the behind-the-scenes dealings Attorney Williston apparently has engaged in with Collection Shield 360, Stein Saks, PLLC, and attorney Rachel Drake – none of whom have appeared in this matter, and none of whom it is believed are licensed in this Court.  [Klutho Dec. Ex. A.]

The nature of Attorney Williston's unauthorized and inappropriate action is enough by itself to deny Attorney Williston's request.  Fed. R. Civ. P. 1 (emphasis added) (Federal Rules of Civil procedure "should be construed, administered, and employed by the court and the parties to secure the **just, speedy, and inexpensive determination of every action and proceeding**.").

Nonetheless, the undersigned outlined additional reasons to Attorney Williston demonstrating why good cause to extend the reply deadline was lacking.

First, Brehm's request is simple: That this Court retain jurisdiction over Attorney Williston, assuming he is allowed to withdraw.  [Klutho Dec. Ex. A.]  Attorney Williston should be able articulate a response to this request without the need for additional time.

<u>Second</u>, to the extent attorney Williston intends to respond to the facts *defense counsel* learned of during Plaintiff's spouse's deposition (i.e., that she never authorized her lawsuit to be pursued as a "class action," and that she entered into an agreement with, and has been primarily interacting with, Collection Shield 360, Stein Saks, PLLC, and Attorney Rachel Drake in connection with this matter, rather than her ostensible attorney [Williston] who solely appeared in her matter also venued in this Court), he already has the personal knowledge and information necessary to respond to those facts — without any need for "research" or fact gathering. [*Id.*]

<u>Third</u>, Attorney Williston secured an earlier extension in this matter by misrepresenting his stated intention for the requested extension. In short, Attorney Williston utilized the undersigned's agreement to extend the deadline to respond to an earlier motion to dismiss in this case as an opportunity to file an amended complaint, rather than his stated need and intentions surrounding the earlier extension. [Doc. No. 6.] Filing an amended complaint was not the parties' agreement (and it remains to be seen whether Plaintiff authorized such a filing) and demonstrates that Attorney Williston cannot be trusted to adhere to terms of voluntarily-negotiated extensions in this matter. [*Id.*; Klutho Dec. Ex. A.]

## CONCLUSION

Based on the foregoing, good cause to extend the reply deadline is wanting. Accordingly, Law Office of Amber Brehm respectfully requests the Court deny Attorney Williston's motion for an extension of time to file his reply in support of his motion to withdraw as Plaintiff's counsel.

{SIGNATURE BLOCK FOLLOWS]

**BASSFORD REMELE**

*A Professional Association*

Dated: February 15, 2019	By:  s/ *Michael A. Klutho*
Michael A. Klutho (#78069)
100 S. Fifth Street, Suite 1500
Minneapolis, Minnesota 55402-1254
Telephone:   612-333-3000
Fax:  612-333-8829
mklutho@bassford.com
*Attorney for Law Office of Amber Brehm*

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of February, 2019 a copy of Defendant's Response to Plaintiff's Counsel's Motion for Extension of Time was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the court's electronic filing system. Parties may access this filing through the court's system.

 s/      *Michael A. Klutho*